Case 4:17-cv-00892-ALM Document 6 Filed 12/28/17 Page 1 of 4 PageID #: 149

Filed: 12/21/2017 4:50 PM
Lynne Finley
District Clerk
Collin County, Texas
By Christina Zamora Deputy
Envelope ID: 21447839

CAUSE NO. 416-05731-2017

| | | |
|---|---|---|
| MIKE and JACQUELINE SANCHEZ PLAINTIFFS | § § § § | IN THE DISTRICT COURT |
| vs. | § § | COLLIN COUNTY, TEXAS |
| SAFECO INSURANCE COMPANY OF INDIANA AND JERRICK GAUTHIER DEFENDANTS. | § § § § | 416TH DISTRICT COURT |

## DEFENDANT'S ORIGINAL ANSWER

COMES NOW, Defendant SAFECO INSURANCE COMPANY OF INDIANA, ("Defendant"), and file this Original Answer and, in support thereof, would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

Defendant generally denies each and every allegation set forth in Plaintiffs' Original Petition and demands proof of such allegations by a preponderance of the credible evidence as provided by the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### AFFIRMATIVE DEFENSES

Without waiving the generality of the foregoing, to the extent required by law, Defendant asserts the following affirmative defenses:

A. Defendant states that any award of punitive or exemplary damages as claimed by Plaintiffs would be arbitrary, unreasonable, excessive and in violation of Defendant's right to due process of law, equal protection of law, and guarantee against double jeopardy under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 13

and 19 of the Texas Constitution. No punitive damages should be imposed in this case unless the Plaintiff is able to prove a case for such by clear and convincing evidence or beyond a reasonable doubt. Failure to include a higher burden of proof other than by "a preponderance of the evidence" in connection with assessing a fine in the nature of punitive damages constitutes deprivation of property without due process contrary to the Fourteenth Amendment of the United States Constitution and contrary to the Due Process Clause of the Texas Constitution. Defendant further shows that Plaintiffs pleadings in this case and current Texas case law for determining the amount of any potential award of punitive damages is unconstitutionally vague under the Due Process Clause of the United States and Texas Constitutions. Current Texas law does not give a jury adequate standards by which to determine the amount of punitive damages.

B. Defendant specifically pleads the limitation provisions of Section 41.007 of the Texas Civil Practice & Remedies Code setting a limitation of any award of punitive damages.

C. Any actual damages sustained by Plaintiffs, which are vigorously denied, must be limited by the amounts set forth in the policy limitations provisions of this residential policy.

E. Defendant seeks all credits and offsets for any payments which have been made.

F In the alternative, Defendant states that the alleged damages to the subject residential structure, if any, were the result of concurrent causes and that Defendant is only liable for that portion of the damages covered by the policy and occurring during the policy period.

G. Defendant contends that Plaintiffs failed to mitigate their damages, if any, and that Defendant is not responsible for any damages which could have been avoided through the exercise of reasonable diligence on the part of Plaintiffs.

DEFENDANT'S ORIGINAL ANSWER                                            PAGE 2

H. Defendant Jerrick Gauthier pleads that Plaintiffs have no possibility of recovery against him and does not have standing to assert any justiciable claim against him in his personal capacity as an insurance adjuster who worked on Plaintiffs claim made basis of this suit.

I. Defendant affirmatively pleads that Plaintiffs extra-contractual claims have no merit and fail as a matter of law as Plaintiffs have not and cannot show the legally required "independent injury" caused by any alleged claims mishandling conduct on the part of the Defendant.

J. Defendant affirmatively pleads all limitations and defenses in Texas Insurance Code Article 542A.001-007 (as this suit was filed after the September 1, 2017 statutory effective date) including attorney fee limitations for lack of pre-suit notice and dismissal of Adjuster Gauthier as Defendant Safeco has accepted his liability in this case.

K. Defendant affirmatively pleads that this steel tile roof's damages are specifically excluded from coverage under the Policy Contract's cosmetic damage waiver endorsement.

## II.
## JURY DEMAND

Defendant requests a jury trial and Plaintiff has previously tendered the appropriate fee.

## III.
## PRAYER

For these reasons, Defendant requests that Plaintiffs recover nothing through this suit and that Defendant recovers costs of court and for such other relief to which Defendant is justly entitled.

Respectfully submitted,

LAW OFFICES OF DAVID L. CHUMBLEY, P.C.

By: _____
    David L. Chumbley
    State Bar No. 24032069

400 Chisholm Place, Suite 101
Plano, Texas 75075
Telephone: (972) 516-8808
Telecopy: (972) 516-8819
Email: davidchumbleypc@gmail.com

ATTORNEY FOR DEFENDANT
SAFECO INSURANCE COMPANY OF INDIANA

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was duly served pursuant to the TEXAS RULES OF CIVIL PROCEDURE *via facsimile* on the following counsel of record on this ___ day of December, 2017:

Chad Wilson
Chad T. Wilson Law Firm PLLC
455 E. Medical Center Blvd., Suite 555
Webster, Texas 77598

_____
David L. Chumbley