IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MIKE AND JAQUELINE SANCHEZ, | § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-cv-00892 |
| | § | |
| SAFECO INSURANCE COMPANY OF INDIANA AND JERRICK GAUTHIER, | § § § | |
| *Defendants*. | § § § § | |

### PLAINTIFF'S AMENDED MOTION TO RECONSIDER ORDER CAPPING ATTORNEY FEES OR IN ALTERNATIVE MOTION TO ABATE FOR SIXTY DAYS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs Mike and Jaqueline Sanchez, and file this Amended Motion to Reconsider Order Capping Attorney Fees [Doc 12] or in Alternative Motion to Abate for Sixty Days and would show unto the court as follows:

On January 20, 2018, this court entered an order capping attorney fees on the basis that Safeco filed a motion stating they had not received a notice letter more than sixty days prior to suit.  [Doc 3].

More than sixty days prior to filing this lawsuit, on September 20, 2017, Plaintiffs sent a notice letter to Defendant Safeco.  The letter was in compliance with the Texas Insurance Code and the Texas Deceptive Trade Practices Act.  The notice letter was sent via facsimile to (617) 574-6688.  This fax number is the fax number that the Texas Department of Insurance has on its

web site as the proper fax number for Safeco. Presumably Safeco gave the Texas Department of Insurance this fax number.

At the time that Plaintiffs sent their notice letter to Safeco Plaintiffs were not aware that Safeco had not received this notice letter.

After Safeco filed its Amended Motion to Cap Attorney Fees, Plaintiffs' counsel learned that the notice letter had not gone through as a fax. More importantly, Plaintiffs' counsel called the fax number and discovered that it is not a working fax number. As such, Safeco provided the Texas Department of Insurance with a fax number that does not work.

Given these fact, coupled with the fact that Safeco has had ample opportunity to adjust this claim, Plaintiffs respectfully pray that the court reconsider it order capping Plaintiffs' attorney fees in this case.

In the alternative, if the court will not reconsider its order capping attorney fees, then Plaintiff would ask the court to abate the case for sixty days so that Safeco will have sixty days to do all the things it wanted to do before suit was filed. At the end of the sixty days the abatement would be automatically lifted and Plaintiff's attorney fees would not be capped.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Patrick McGinnis
Bar No. 13631900
455 E. Medical Center Blvd., Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

The undersigned attorney conferred with Safeco's attorney about this motion and Safeco opposes the motion for reconsideration but does not oppose the sixty day abatement option.

*/s/ Patrick C. McGinnis*
Patrick Connell McGinnis

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of *Plaintiffs' Amended Motion To Reconsider Order Capping Attorney Fees Or In Alternative Motion To Abate For Sixty Days* has been forwarded to counsel of record listed below via Certified U.S. Mail, facsimile, hand delivery, email, or electronic service on this day, February 23, 2018.

David L. Chumbley
LAW OFFICES OF DAVID L. CHUMBLEY
400 Chisholm Place, Suite 101
Plano, Texas 75075
Telephone: (972) 516-8808
Facsimile: (972) 516-8819
davidchumbleypc@gmail.com

/s/ *Chad T. Wilson*