# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MIKE AND JACQUELINE SANCHEZ | § | |
| | § | |
| v. | § | Civil Action No. 4:17-CV-00892 |
| | § | Judge Mazzant |
| SAFECO INSURANCE OF INDIANA AND | § | |
| JERRICK GAUTHIER | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiffs' Amended Motion to Reconsider Order Capping Attorney Fees or in Alternative Motion to Abate for Sixty Days (Dkt. #20). After reviewing the relevant pleadings and motions, the Court finds the motions should be denied.

## BACKGROUND

The issue before the Court concerns the Court's decision to grant Defendants Safeco Insurance of Indiana's and Jerrick Gauthier's motion to cap attorneys' fees. On November 3, 2017, Defendants filed their Texas Insurance Code Article 542A.007 Motion to Cap Attorney Fees (Dkt. #8), arguing that Plaintiffs failed to "send a pre-suit notice to [Defendants] stating the nature and amount of their claim and attorney fees at least sixty (60) days before filing suit." (Dkt. #8 at p. 1). Plaintiffs did not respond to this motion. On January 30, 2018, the Court entered its Order Granting Defendants' Texas Insurance Code Article 542A.007 Motion to Cap Attorney Fees (the "Opinion") (Dkt. #12). As a result of the Court's ruling, on February 23, 2018, Plaintiffs filed their Amended Motion to Reconsider Order Capping Attorney Fees or in the Alternative Motion to Abate for Sixty Days (Dkt. #20). This time, Defendants did not respond.

Local Rule CV-7(d) provides as follows:

**Response and Briefing.** The response and any briefing shall be contained in one document. A party opposing a motion shall file the response, any briefing and supporting documents within the time period prescribed by Subsection (e) of this rule. A response shall be accompanied by a proposed order conforming to the requirements of Subsection (a) of this rule. Briefing shall contain a concise statement of the reasons in opposition to the motion and a citation of authorities upon which the party relies. A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.

Local Rule CV-7(d). Since no response was filed, the Court will assume that Defendants do not controvert the facts set out in the aforementioned motion.

## LEGAL STANDARD

A motion seeking "reconsideration" may be construed under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *see also Milazzo v. Young*, No. 6:11-cv-350-JKG, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

"If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." *Milazzo*, 2012 WL 1867099, at *1; *see Shepherd*, 372 F.3d at 328 n.1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, No. H-08-2931, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011). Here, Plaintiffs filed their motion to reconsider within twenty-eight (28) days of the Court's Opinion; therefore, Plaintiffs' motion is considered a Rule 59(e) motion.

A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rule 59(e) 'serve[s]

the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Milazzo*, 2012 WL 1867099, at *1 (citing *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003)). "Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly." *Id.* (citing *Templet*, 367 F.3d at 479).

## ANALYSIS

Plaintiffs argue that the Court should reconsider the Opinion, claiming that Plaintiffs actually sent a pre-suit notice letter to Defendants over sixty (60) days before filing suit. Plaintiffs assert that only after Defendants moved to cap attorneys' fees, did Plaintiffs realize that the pre-suit notice letter "had not gone through the fax." (Dkt. #20 at p. 2). Alternatively, Plaintiffs ask the Court to "abate the case for sixty days so that Safeco will have sixty days to do all the things it wanted to do before suit was filed." (Dkt. #20 at p. 2).

The Court finds that Plaintiffs failed to present any issue that requires the Court to reconsider its previous ruling, particularly since Plaintiffs, by their own written admission, knew that they failed to properly fax the pre-suit notice letter after Defendants moved to cap attorneys' fees but did not bother responding to Defendants' motion with this information. *See Templet*, 367 F.3d at 479 (a rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."). Accordingly, Plaintiffs did not provide (1) an intervening change in the controlling law; (2) newly discovered evidence; or (3) a manifest error of law or fact. As such, the Court finds that its original decision should stand, and denies Plaintiffs' motion to reconsider.

The Court further denies Plaintiffs' alternative motion to abate as moot. Plaintiffs linked

their motion to abate with their motion to reconsider, pleading "[a]t the end of the sixty days the abatement would be automatically lifted and Plaintiff's [sic] attorney fees would not be capped." (Dkt. #20 at p. 2). The Court, of course, denied Plaintiffs' motion to reconsider, precluding Plaintiffs' proposal for the Court to grant their combined motion to abate and their motion to reconsider. In turn, the Court finds no basis to grant Plaintiffs' motion to abate.

## CONCLUSION

It is, therefore, **ORDERED** that Plaintiffs' Amended Motion to Reconsider Order Capping Attorney Fees or in Alternative Motion to Abate for Sixty Days (Dkt. #20) is **DENIED**.

**SIGNED this 11th day of July, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE