# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| MIKE AND JACQUELINE SANCHEZ | § | |
| --- | --- | --- |
| | § | |
| v. | § | Civil Action No. 4:17-CV-00892 |
| | § | Judge Mazzant |
| SAFECO INSURANCE OF INDIANA | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Mike and Jacqueline Sanchez's ("Plaintiffs") Motion to Dismiss Without Prejudice (Dkt. #35). After reviewing the relevant pleadings, the Court finds the motion should be denied.

On August 14, 2018, Plaintiffs filed their Motion to Dismiss Without Prejudice (Dkt. #35). On August 15, 2018, Safeco Insurance of Indiana ("Safeco") filed its response, arguing that dismissal would prejudice it since Plaintiffs could then refile and pursue this case without a cap on their attorneys' fees (Dkt. #36).

The Fifth Circuit recognizes that "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citation omitted). "The primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.* (quotation omitted).

> Courts have found plain legal prejudice when the plaintiff moves to dismiss the case at a late stage of the proceedings after the parties have exerted significant time and effort, the plaintiff seeks to avoid an imminent adverse ruling, or if dismissal would cause the defendant to be stripped of an otherwise available defense if the case were to be re-filed.

*Diallo v. Celestica Corp.*, No. 3:10-CV-1513-M-BH, 2013 WL 4525728, at *2 (N.D. Tex. 2013) (citing *In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*, 628 F.3d 157, 162-63 (5th Cir. 2010); *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990)).

> The following factors are taken into consideration when determining whether the court should deny a Rule 41(a)(2) motion for voluntary dismissal: (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant.

*Espinoza v. Nacher Corp.*, No. CIV.A. 1:07-CV-051, 2007 WL 1557107, at *2 (E.D. Tex. May 24, 2007) (citing *Elbaor*, 279 F.3d at 318 n.3.). "When a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal." *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (alteration omitted) (quoting *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991)

As mentioned, Safeco claims that Plaintiffs only seek dismissal in order to refile and take the steps necessary to evade a cap on their attorneys' fees. Since Plaintiffs previously filed a motion for reconsideration of the Court's cap of their attorneys' fees (Dkt. #20), the Court agrees that this is the predominant and, in all likelihood, the sole motive for Plaintiffs' motion to dismiss. This does not prove that dismissal will subject Safeco to plain legal prejudice but the late stage of this case does. Safeco removed the case to Court eight months ago (Dkt. #1), the parties have conducted discovery and filed several motions, the Court has already denied Safeco's Motion for Summary Judgment (Dkt. #21), and the Final Pretrial Conference is scheduled for January 4, 2019 (Dkt. #22). In turn, the case is "at a late stage of the proceedings after the parties have exerted significant time and effort. . . ." *Diallo*, No. 3:10-CV-1513-M-BH, 2013 WL 4525728, at *2. Thus, dismissal of the case without prejudice will subject Safeco to plain legal prejudice. *Id.*

The four factors in *Espinoza* also oppose granting dismissal without prejudice. *Espinoza*, No. CIV.A. 1:07-CV-051, 2007 WL 1557107, at *2. First, Safeco has already incurred expenses in defending this action. *Id.* Second, Plaintiffs have not efficiently or diligently prosecuted this lawsuit. *Id.* Most notably, Plaintiffs failed to take the appropriate steps to avoid a cap of their recoverable attorneys' fees. This carelessness led to their motion for reconsideration of the cap of their attorneys' fees (Dkt. #20) and, apparently, their motion for dismissal without prejudice in hopes of refiling the case without a cap on their recoverable attorneys' fees. Third, Plaintiffs claimed to seek dismissal "to provide the statutory notice required by Sections 542 and 542A [of the Texas Insurance Code] and allow the parties the statutory 60-day period to attempt to resolve the claim." (Dkt. #35 at p. 2). Aside from offering little explanation as to why the parties could resolve their claim at this juncture, the real reason for the proposed dismissal appears to be Plaintiffs' desire to pursue their case without a cap on attorneys' fees. Fourth, the Court has already ruled on Safeco's Motion for Summary Judgment (Dkt. #37), further militating against dismissing this case without prejudice. *Espinoza*, No. CIV.A. 1:07-CV-051, 2007 WL 1557107, at *2. Thus, the Court denies Plaintiffs' Motion to Dismiss without Prejudice.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss without Prejudice (Dkt. #35) is **DENIED**.

**SIGNED this 31st day of August, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE